**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| VANCE R. JOHNSON, : | |
| : | |
|    Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:13-CV-00524-RWS |
| SHERIFF R.L. "BUTCH" : | |
| CONWAY, CHRISTOPHER : | |
| REVELS (SO #692), ROBERT : | |
| BAILEY (SO # 893), TOCHI : | |
| DAVIS (SO # 1145), CORIZON : | |
| HEALTH, INC., MAVIS : | |
| CAMPBELL and SUSAN : | |
| FAJARDO, : | |
| : | |
|    Defendants. : | |

**ORDER**

This case comes before the Court on Motion to Amend Answer of Defendants Corizon Health, Inc. and Susan Fajardo to Assert Statute of Limitations Defense ("Defs.' Mot. to Am.") [69]. After reviewing the record, the Court enters the following Order.

**Background**

The facts of this case are fully set forth in the Court's September 30, 2013 Order [39] granting Plaintiff's Motion for Leave to Amend and denying in

part and granting in part the Medical Defendants' Motion to Dismiss [28]. The Medical Defendants, Corizon Health, Inc. and Susan Fajardo, now move to amend their Answer [45] to Plaintiff's Amended Complaint to assert a statute of limitations defense. The Court now considers this Motion.

## Discussion

The Federal Rules of Civil Procedure provide that leave to amend a pleading should be given "freely" "when justice so requires." FED. R. CIV. P. 15(a)(2). In deciding whether to grant leave to amend, the Court should consider factors such as whether there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." Foman v. Davis, 371 U.S. 178, 182 (1962). The decision of whether to give leave to amend is within the discretion of the trial court. Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005).

In this case, the Court finds the Foman factors to weigh in favor of permitting Defendants to amend their Answer to assert the statute of limitations defense. First, the Court does not find such undue delay as to preclude

2

Defendants from the opportunity to amend their Answer. Under the law in this Circuit, a defendant may raise the defense of statute of limitations as late as in its pretrial order. Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 763 (11th Cir. 1995). Nor is there any evidence of bad faith or dilatory motive. Moreover, Plaintiff will not be prejudiced by allowing the Medical Defendants to amend their Answer. As the Medical Defendants argue: "co-Defendants have raised the statute of limitations affirmative defense, and, in the Nineteenth Defense in their original Answer, the Medical Defendants specifically noted that they 'adopt and incorporate by reference herein any and all applicable affirmative defenses raised by any of the other defendants to this action.'" (Br. in Supp. of Defs.' Mot. to Am., Dkt. [69-1] at 5 (citing Dkt. [24]-[27], [43], [45].) The Court agrees that Plaintiff has been put on notice that a statute of limitations defense is at issue in this case, and accordingly will not be prejudiced by Defendants' amendment. Finally, the proposed Amendment does not appear to be futile. The Court notes that nothing in this Order should be interpreted as a dispositive ruling on the merits of the amendment. Based on the foregoing, the Court finds Defendants' motion is due to be **GRANTED**.

AO 72A
(Rev.8/82)

## Conclusion

In accordance with the foregoing, Motion to Amend Answer of Defendants Corizon Health, Inc. and Susan Fajardo to Assert Statute of Limitations Defense [69] is **GRANTED**.

**SO ORDERED**, this 18th day of February, 2015.

 _____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)